Dear Mr. Labat:
This office is in receipt of your request for an opinion of the Attorney General in regard to rules and regulations adopted by the Parish concerning the operation of air boats. You indicate an opinion had been requested from the District Attorney. In the response it was advised an opinion of this office should be sought inasmuch as it was felt the local regulations adopted pursuant to R.S. 33:1236(39) may be prohibited by R.S. 34:851.27.
R.S. 33:1236 in setting forth the powers of parishes provides in paragraph (39) as follows:
 To adopt ordinances for the licensing of air boats and the regulation of air boat operation within parish boundaries and to fix penalties for violations which shall not exceed a fine of one hundred dollars or imprisonment not to exceed thirty days, or both. However, a valid license issued by the parish governing authority in one parish shall be valid in every other parish, except that the licensee shall be required to comply with all licensing requirements of any other parish in which the air boat is operated, except the payment of a license fee.
As noted by the District Attorney's office R.S. 34:851.27 sets forth the following:
 A. Through the passage of this Part, the state reserves to itself, through the commission, the right to regulate operation and to establish the minimum equipment requirements of vessels and motorboats. Except as provided in Subsection B of this Section, R.S. 34:3269(13), and R.S. 33:1236.12, all political subdivisions of this state are expressly prohibited from regulating watercraft in any respect, including, but not limited to their operation, minimum equipment requirements, registration (with or without a fee), or inspection.
 B. (1) The governing authority of any parish or municipality may establish and post speed limits on waterways within its jurisdiction with the exception of the Mississippi River, the Mississippi River Gulf Outlet, and the Gulf Intracoastal Waterway. Such speed limits, if established, shall be posted along the affected waterway.
First we note that in reserving to the state the right to regulate operation and minimum equipment of "vessels", "vessels" is defined in R.S. 34:851.2 to mean "watercraft and air boats of every description other than a seaplane on the water, used or capable of being used as a means of transportation on water".
We have found that Paragraph (39) of R.S. 33:1236 was enacted by Act 240 of 1974 to give parishes the authority to issue licenses and adopt ordinances for regulation of air boat operations within the parish boundaries. However, by Act 288 in 1984 the legislature enacted statewide comprehensive boating regulations, and specifically prohibited local regulations of any kind except for the posting speed limits on waterways within local jurisdictions, and R.S. 34:851.27 was further amended in 1986 by Acts 61 and 315.
As found by the District Attorney's office, the provisions of R.S. 33:1236(39) giving parishes the authority to regulate air boat operations is in conflict with the subsequent legislation in R.S. 34:851.27 which reserves to the state the regulation of the operation of vessels and motorboats which includes air boats and to establish the minimum equipment requirements. In this situation we must conclude that the latter legislation must prevail, and this conclusion is reenforced by the amendments to R.S. 34:851.27 in 1986 so as to make an exception to the state's right to regulate vessels and motorboats by allowing regulation of watercraft by the governing authority of Calcasieu and Cane Waterway Commission.
It is well established that in regard to statutory interpretation the legislature is presumed to have enacted each statute with deliberation and with full knowledge of all existing laws on the same subject matter. Therefore, the latest expression of the legislative will must take precedence and supersede earlier provisions on the same subject.
Accordingly, the subsequent enactment giving the state sole authority to regulate vessels and motorboats must prevail over the 1974 Act that allowed the adoption of ordinances to regulate air boats. To conclude otherwise would mean the amendments to R.S. 34:851.27 were purposeless, and we cannot conclude an act of the legislature was vain and useless. Therefore, it must be concluded by the enactment of R.S. 34:851.27, the authority of the parishes to regulate air boats was taken away and rests solely with the state.
The final conclusion is that the air boat regulations by the Terrebonne Parish Code sought to be reviewed are without force and effect for the State has exclusive authority to regulate operation and minimum equipment of vessels and motorboats unless there is an amendment granting an exception.
We hope this answers your questions but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR